UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FOURSTAR GROUP USA, INC.,

    Plaintiffs,

v.                                          CASE NO.: 8:05-CV-440-T-30MAP

TOYO ELECTRONIC MANUFACTURING
COMPANY LTD., and SEASONAL
SPECIALTIES COMPANY,

    Defendants.
_____/

**ORDER**

This cause came on for consideration upon Plaintiff Fourstar Group USA's ("Fourstar") motion for service outside the United States (doc. 5). Plaintiff seeks entry of an order allowing it to effect service of process on Defendant Toyo Electronic Manufacturing Company ("Toyo"), a Taiwanese company. Plaintiff previously served the summons and complaint on Toyo's business agent located in York, Pennsylvania, where Toyo conducts business; however, Toyo disputes the validity of such service. Apparently, after accepting service on Defendant's behalf, Toyo's business agent relayed to Plaintiff that he did not have authority to accept service on Toyo's behalf. Although Fourstar asserts its service on Toyo's business agent in Pennsylvania was proper, it seeks to ensure proper service by providing service of process upon Toyo in Taiwan via international registered mail, pursuant to Fed.R.Civ.P. 4(f).

After consideration, I find that where, as here, there is no "internationally agreed means of service" Rule 4(f) provides that "unless prohibited by the law of the foreign country" and so long as "service is reasonably calculated to give notice" service may be effected by "any form of mail

1

requiring a signed receipt to be addressed and dispatched by the clerk of court to the party to be served." Fed.R.Civ.P. 4(f)(2)(C)(ii).[1] *See Power Integrations, Inc. v. System General Corp.*, 2004 WL 2806168 (N.D. Cal. 2004) (finding Clerk of Court's dispatch of Federal Express package provided by Plaintiff on Taiwanese corporation proper under Fed.R.Civ.P. 4(f)(2)(C)(ii) because Taiwanese law does not prohibit service by such method); *Emery v. Wood Industries, Inc.*, 2001 WL 951579 (D. N.H. 2001) (finding Plaintiff's request that Clerk of Court effect service on Taiwanese Defendant by mailing a copy of the summons and complaint via certified mail return receipt requested complied with the requirements of Rule 4(f)(2)(C)(ii) since such service is not prohibited by the laws of Taiwan); *Resource Ventures, Inc. v. Resources Management Intel, Inc.*, 42 F.Supp.2d 423, 429-430 (D. Del. 1999) (concluding that subsection (f)(2)(C)(ii) limits the forms of service to those that do not violate the law of the country where service is attempted).   Accordingly, it is hereby

ORDERED:

1. Plaintiff Fourstar's motion for service outside the United States (doc. 5) is GRANTED.

2. Plaintiff shall provide to the Clerk of Court copies of the summons and complaint and any other documents to be served on Defendant Toyo along with an envelope

---

[1] "[T]he plain language of subsection (f)(2)(C)(ii), interpreted in light of other provisions in subsection (f) and the advisory committee's note, points persuasively to the conclusion that this section authorizes service in a foreign country by "any form of mail requiring a signed receipt ... addressed and dispatched by the clerk of the court to the party being served," provided this form of service does not expressly violate the law of the country in which service is attempted." *Dee-K Enterprises, Inc. v. Heveafil SBN BHD.*, 174 F.R.D. 376, 380 (E.D. Va. 1997).

      addressed to Defendant Toyo with necessary postage and the pre-paid forms for certified mail return receipt so that the Clerk may effect service by mailing a copy of the summons and complaint to Defendant Toyo in Taiwan via certified mail return receipt requested.

3. Once Plaintiff has provided the above documents to the Clerk of Court, the Clerk of Court is directed to effect service on Defendant Toyo by mailing a copy of the summons and complaint via certified mail return receipt requested.

DONE AND ORDERED in chambers at Tampa, Florida on this 24th day of June 2005.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE